# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS G. SANCHEZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-79-R |
| JASON BRYANT, Warden, | ) |
| Respondent. | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell [Doc. No. 14] and Petitioner's Objection to the Report and Recommendation [Doc. No. 15]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections. Petitioner objects to the findings and conclusions of the Magistrate Judge on each of his claims. Although Petitioner's arguments are largely the same arguments that were addressed by the Magistrate Judge, nevertheless, the Court addresses Petitioner's arguments in his Objection.

First, Petitioner objects to the "Background" section of the Report and Recommendation but because that section was not material to the Magistrate Judge's findings and conclusions, that objection is irrelevant.

Next, Petitioner argues that *Stone v. Powell*, 428 U.S. 465 (1976) is not applicable because he did not have a full and fair opportunity to litigate his Fourth Amendment claims that his traffic stop was unlawful and that the vehicle search was unlawful. However, as the Magistrate observed, Petitioner raised these issues by a motion to suppress and on appeal.

*See* Report and Recommendation at pp. 5-6. A hearing was conducted on the motion to suppress. Petitioner has not shown that the state courts did not afford Petitioner a full and fair opportunity to litigate his Fourth Amendment claims and thus *Stone v. Powell* bars consideration of those claims now.

With respect to Ground Three of Petitioner's petition, Petitioner merely reargues that certain evidence that was presented at trial was more prejudicial than probative. He argues that the Oklahoma Court of Criminal Appeals (OCCA) did not address the alleged error in admitting testimony about indicators of deception in body language allegedly observed during the traffic stop and only applied state law in its disposition of Petitioner's claims as to other alleged evidentiary errors. However, the OCCA found that the admission of testimony concerning deception indicators was harmless error. Moreover, state court evidentiary rulings do not warrant habeas relief unless they render a trial so fundamentally unfair as to violate due process. *See e.g., Payne v. Tennessee*, 501 U.S. 808, 825 (1991). The Magistrate Judge specifically concluded that admission of the testimony concerning allegedly deceptive body language did not render Petitioner's trial fundamentally unfair, a conclusion in which this Court concurs. The Magistrate further found that the OCCA's rejection of the other alleged errors in admission of evidence did not result in an adjudication that was contrary to or an unreasonable application of the principle stated in *Payne, see* Report and Recommendation at p. 10, a conclusion in which the Court concurs.

Petitioner next claims that his mistrial motion was improperly denied by the OCCA. He asserts that the issue of whether he had a prior criminal history was very important to the

jury because of the weakness of the State's case and the lack of any direct evidence of guilt. The OCCA found that there was no discovery violation warranting a mistrial due to testimony about Petitioner's prior arrest. The admission of that testimony did not render Petitioner's trial fundamentally unfair and thus, the OCCA's adjudication of this claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent. There was substantial circumstantial evidence that Petitioner was guilty of the crimes charged.

As to his Fifth Ground for Relief, Petitioner argues that there was prosecutorial misconduct because the prosecutor shifted the burden of proof to Defendant, mocked the defense theory and provided personal opinion evidence. First, the prosecutor in his closing argument did not shift the burden of proof and the other prosecutorial argument about which Petitioner complains was fair comment and inferences from the evidence. More importantly, for the purpose of this proceeding, Petitioner has not shown that his trial was rendered fundamentally unfair due to the alleged prosecutorial misconduct and Petitioner has not shown that the OCCA's disposition of Petitioner's prosecutorial misconduct claims was contrary to or involved an unreasonable application of Supreme Court authority.

With respect to Ground Six, Petitioner argues that there was insufficient evidence to support his drug trafficking conviction because there was no evidence that he possessed the drugs found hidden in the rental car, someone else could have put them there and there is no evidence that Petitioner was ever in the back seat or opened and closed the rear door. He states that he was convicted of possessing a nut driver and bit. Petitioner's argument ignores

3

significant circumstantial evidence of constructive possession of the drugs, considering where they were found and that Petitioner had in his possession a drill and bit that would allow access to the drugs. The OCCA's adjudication of Petitioner's insufficient evidence claim was not contrary to or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) because reasonable jurors could find the essential elements of the drug trafficking crime beyond a reasonable doubt.

Petitioner's Seventh Ground for Relief is directed to the sufficiency of the evidence to support his firearm conviction. Petitioner contends that there was insufficient evidence to establish the required nexus between drug trafficking and possession of an otherwise legal firearm. The location of the gun affording Petitioner easy access while he was in possession of illegal drugs in the same vehicle was sufficient evidence from which reasonable jurors could find the requisite nexus and find Petitioner guilty of the firearm offense.

In his argument directed to his Eighth Ground for Relief, Petitioner states that the OCCA's decision was an unreasonable determination of the facts and an abuse of discretion because the sentence for drug trafficking Petitioner received was grossly disproportionate to the severity of the crime. However, as the Magistrate stated "[i]n considering the proportionality of a sentence, a state trial court's sentencing is accorded 'wide discretion' and 'challenges to that decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law.'" Report and Recommendation at p. 23, *quoting Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Petitioner's thirty-year sentence for drug trafficking was within the range of punishment

authorized for that offense and Petitioner has not shown that his sentence was so grossly disproportionate as to be contrary to or an unreasonable application of *Ewing v. California*, 538 U.S. 11, 21 (2003).

Finally, Petitioner objects to the Magistrate Judge's disposition of his cumulative error claim. Petitioner's objection is without merit inasmuch as neither the Magistrate Judge nor this Court has found two or more constitutional errors. *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 19th day of January, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE